IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BLANCA RODRIGUEZ,

                Plaintiff,

v.

CTF ASSET MANAGEMENT, LLC,

                Defendant.

Civil Action No. 1:22-cv-1392

## COMPLAINT

Plaintiff Blanca Rodriguez, by counsel, files this Complaint against Defendant CTF Asset Management, LLC ("CTF"). In support of her Complaint, Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory and actual damages; costs; and attorneys' fees brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. In 1977, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. The FDCPA carries out its purpose by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices. §§ 1692b–1692j.

4. One prohibited debt-collection practice is making false or misleading representations in connection with the collection of any debt, including false representations about the amount or legal status of a debt. 15 U.S.C. 1692e.

5. The FDCPA also prohibits debt collectors from foreclosing on homes unless they have met all of the prerequisites to foreclosure. 15 U.S.C. 1692f(6).

6. In this case, CTF violated the FDCPA by charging Ms. Rodriguez improper late fees that she did not owe on her second mortgage.

7. After it assessed these improper fees to her loan, it foreclosed on her home, even though it had not complied with all of the requirements under Virginia law to conduct the foreclosure.

8. Accordingly, Ms. Rodriguez alleges claims against CTF for its violations of the FDCPA, 15 U.S.C. §§ 1692e and 1692f.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

## PARTIES

11. Ms. Rodriguez is a natural person who lives in Prince William County, Virginia. She is a consumer as defined by 15 U.S.C. § 1692a(3).

12. CTF is a Texas limited liability company with its principal place of business in Coppell, Texas. CTF is a debt collector as defined by 15 U.S.C. § 1692a(3) because it uses interstate commerce in its business, the principal purpose of which is debt collection.

13. Upon information and belief, CTF's primary business is purchasing defaulted second mortgages on the secondary loan market for nominal amounts and then seeking to recover the full amounts from consumers through foreclosure sales of their homes.

14. The mortgages that CTF buys often have been defaulted for years at the time of purchase. CTF then attempts to collect amounts not permitted by law or the underlying loan contracts, including improper late fees (including fees waived by prior lenders and servicers), taking advantage of the fact that consumers likely do not have documentation regarding these old debts.

## FACTS

15. Ms. Rodriguez purchased her house in Prince William County, Virginia in December 2006.

16. As was common at that time, Ms. Rodriguez financed her house with two mortgages.[1]

17. Ms. Rodriguez made all required payments on her second mortgage through September 2008.

18. After Ms. Rodriquez experienced financial hardship, she fell behind on both her first and second mortgages. During this time, SLS (the mortgage servicer for her second mortgage) and her first mortgage servicer accelerated her mortgages and threatened foreclosure.

19. Ms. Rodriguez was able to modify the first mortgage and assumed that because she was current on her first mortgage, that it also resolved the default with her second mortgage.

20. Despite this mistaken belief, SLS sent Ms. Rodriguez monthly statements indicating that she was not being charged any late fees.

21. SLS was the servicer of Ms. Rodriguez's second mortgage until April 2019, when CTF purchased the mortgage.

---

[1] https://www.consumerfinance.gov/ask-cfpb/what-is-a-piggyback-second-mortgage-en-1955/ (last visited Dec. 15, 2021).

22. SLS's last statement to Ms. Rodriguez shows that it was not assessing any late fees to Ms. Rodriguez's account and there were no outstanding late fees owed on the account.

23. After it purchased Ms. Rodriguez's second mortgage, CTF hired FCI Lender Services, LLC ("FCI") to service Ms. Rodriguez's mortgage loan.

24. In servicing Ms. Rodriguez's loan, FCI was acting as CTF's agent.

25. On June 10, 2019, through FCI, CTF sent Ms. Rodriguez a Welcome Letter stating that there were no accrued late fees on her second mortgage:

Your Creditor has provided FCI the following information regarding the Total Amount Due on your Promissory Note (the "Debt").

| | | | |
|---|---|---|---|
| Deferred Principal Balance: | $ 0.00 | Principal Balance: | $ 79,129.14 |
| Deferred Unpaid Interest: | $ 0.00 | Accrued Interest: | $ 79,932.80 |
| Deferred Late Charges: | $ 0.00 | Accrued Late Charges: | $ 0.00 |
| Deferred Loan Charges: | $ 0.00 | Other Amounts Due: | $ 10.00 |
| | Amount of Debt: | $ 159,071.94 | |

26. Sometime after this letter, CTF, through FCI, retroactively assessed late fees for each month that Ms. Rodriguez had not made a payment on her second mortgage, including for the months that SLS had sent Ms. Rodriguez statements reflecting that those fees would not be charged.

27. On December 27, 2019, though FCI as its servicing agent, CTF retroactively assessed $33.27 for every month between October 2008 and December 2019, totaling nearly $5,000 in late fees that previously had not been assessed.

28. CTF, through FCI, continued sending Ms. Rodriguez statements each month attempting to collect these late fees, which she did not owe, including within the one-year period preceding the filing of this litigation, For example, on March 17, 2022, CTF, through FCI, sent Ms. Rodriguez a statement attempting to collect $11,830.55 in late fees and other charges.

| EXPLANATION OF AMOUNT DUE | |
|---|---:|
| Principal | $79,129.14 |
| Interest From 09/01/2008 To 04/01/2022 | $100,266.01 |
| Total Fees and Charges | $11,830.55 |
| Suspense Balance | $0.00 |
| Escrow (Taxes and/or Insurance) | $0.00 |
| Deferred Amounts | $0.00 |
| **AMOUNT DUE** | **$191,725.70** |

29.   A large portion of these late fees had been waived by SLS, and so Ms. Rodriguez did not owe them. Alternatively, they could not be assessed because the loan was previously accelerated.

30.   In August 2021, Ms. Rodriguez received a notice—sent to her by CTF through its attorneys—indicating that CTF intended to foreclose on her home.

31.   This notice stated that it was being sent "pursuant to Virginia Code § 55.1-321(F)."

32.   This notice was defective in several respects.

33.   Most importantly, the notice stated that Ms. Rodriguez's mortgage was past due in the amount of $112,892.89, including $5,156.85 in late charges.

34.   Again, this amount was inaccurate because it included late fees that Ms. Rodriguez did not owe.

35.   Therefore, the notice did not comply with Virginia Code § 55.1-321 and no foreclosure was permissible. Va. Code § 55.1-321(a).

36.   Despite its failure to comply with Virginia law, CTF proceeded to initiate a non-judicial foreclosure sale of Ms. Rodriguez's home.

37.   Ms. Rodriguez's home was sold at foreclosure for $94,000 on May 31, 2022.

38.   Because of CTF's illegal foreclosure of her home, Ms. Rodriguez has lost significant equity in her home, has been threatened with eviction from her home while she still

remains liable for her first mortgage, which she continues to pay. She has also suffered significant stress, anxiety, and other emotional distress.

## COUNT ONE:
### Violation of FDCPA, 15 U.S.C. § 1692e
### (Individual Claim)

39. Ms. Rodriguez incorporates each of the preceding allegations.

40. CTF repeatedly violated 15 U.S.C. § 1692e(2) by repeatedly misrepresenting the amount due on Ms. Rodriguez's second mortgage.

41. CTF also repeatedly violated 15 U.S.C. § 1692e(5) by assessing late charges that had been previously waived and threatening to foreclose on Ms. Rodriguez's home when it had no legal right to do so because it had not properly accelerated her loan.

42. CTF also repeatedly violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect or attempt to collect on the loan, including but not limited to, overcharging Ms. Rodriguez for her second Mortgage, and providing Ms. Rodriguez with conflicting and inconsistent information regarding the status and amount of her mortgage.

43. As a result of CTF's repeated violations of 15 U.S.C. § 1692e, Ms. Rodriguez suffered concrete and particularized harm including the incurring of improper late charges, the improper foreclosure of her home, substantial lost equity, aggravation, and other emotional distress.

44. Based on CTF's noncompliance with § 1692e, Ms. Rodriguez is entitled to recover actual damages, statutory damages, reasonable attorneys' fees, and costs, under 15 U.S.C. § 1692k.

## COUNT TWO:
### Violation of FDCPA, 15 U.S.C. § 1692f
### (Individual Claim)

45. Ms. Rodriguez incorporates each of the preceding allegations.

46. CTF violated 15 U.S.C. § 1692f(1) by collecting late fees that were not permitted by law.

47. CTF also violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession of Ms. Rodriguez's property when there was no present right to possession because neither CTF nor its agents sent Ms. Rodriguez a notice that complied with Va. Code § 55.1-321.

48. As a result of CTF's repeated violations of 15 U.S.C. § 1692f, Ms. Rodriguez suffered concrete and particularized harm including the incurring of improper late charges, the improper foreclosure of her home, substantial lost equity, aggravation, and other emotional distress.

49. Based on CTF's noncompliance with § 1692f, Plaintiff is entitled to recover actual damages, statutory damages, reasonable attorneys' fees, and costs, under 15 U.S.C. § 1692k

WHEREFORE, Ms. Rodriguez moves for her actual and statutory damages, her attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and any other relief the Court finds appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,
**BLANCA RODRIGUEZ**

By: */s/ Casey S. Nash*
Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
J. Patrick McNichol, VSB #92699
Kelly Guzzo, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572 – Telephone
(703) 591-0167 – Facsimile
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com

Email: pat@kellyguzzo.com
*Counsel for Plaintiff*